PER CURIAM:
On February 20, 1992, the claimant, a resident of St. Albans, Kanawha County, was traveling east on Interstate 64 at approximately 7:50 a.m. on this clear and dry morning, when she drover her 1980 Oldsmobile over a metal ladder left lying in the center lane of the Interstate, near the State Capitol exit within the City of Charleston, Kanawha County. The claimant testified that the car-twenty-five feet in front of her swerved and avoided the ladder, but the claimant was unable to do likewise. The impact with the ladder damaged the front shocks and front springs of the claimant’s vehicle and severed a fan belt. An alignment was subsequently required. The claimant documented repair expenditures totaling $246.83. She testified that her automobile insurance company was notified of the accident, but it declined to honor the claim as this risk was not covered.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to remove the road debris before the claimant’s accident. The burden of proof is upon the claimant to demonstrate with a preponderance of the evidence that the respondent had actual or constructive notice of the road hazard. That burden has not been *118 established. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be liable for damage caused by road debris, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). It is the finding of this Court that the requisite notice was not available to the respondent.
In accordance with the finding of facts and conclusions of law as indicated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.